■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIBERTO PEGUERO-CASTILLO, Appellant.—Case held, decision reserved, and matter remitted to Onondaga County Court for further proceedings, in accordance with the following Memorandum: On appeal from their convictions of cocaine possession and conspiracy, defendants contend, *inter alia,* that the court unduly restricted defendants' opportunity to cross-examine the witnesses at the *Wade* hearing. Defendants were the subject of surveillance by several police officers during an investigation of suspected drug activity at three locations in Syracuse. Each defendant was observed at different times riding a bicycle between two of the locations at times that coincided with suspected drug transactions, a pattern that suggested that defendants were transporting drugs between a "stash" house and the house where the sales were taking place. Defendants were arrested after several hours of surveillance, and a search of the "stash" house revealed cocaine and packaging paraphernalia.

Following the arrest, a stationhouse identification procedure was conducted in which certain surveillance officers identified the defendants, who were handcuffed to the floor in separate

interview rooms, as the men they had observed during the surveillance. The officers allegedly then compared their individual surveillance notes, incorporated the pooled information into formal arrest reports, and destroyed their individual notes. Defense counsel did not become aware of the stationhouse identification and the officers' alleged pooling of information until trial, prompting counsel to request a *Wade* hearing to explore the circumstances of the stationhouse identification. Over the People's objection that the identification was merely "confirmatory" *(see and compare, People v Newball,* 76 NY2d 587, 592; *People v Gordon,* 76 NY2d 595, *with People v Wharton,* 74 NY2d 921; *People v Morales,* 37 NY2d 262), the court conducted a hearing out of the presence of the jury. At the conclusion of the hearing, the court found that the identification was merely confirmatory and declined to suppress the identification testimony. During the hearing, however, the court precluded defense counsel's cross-examination of the officers on whether their identifications were based on a compilation of pooled information or on their individual observations during surveillance.

Because the court's evidentiary rulings foreclosed critical inquiry into the very points necessary to determine whether the stationhouse identification procedure was reliable and not unduly suggestive, we find those rulings were erroneous. We therefore hold the case, reserve decision, and remit the matter for a new *Wade* hearing, at which defense counsel shall be given the opportunity to cross-examine the officers on the basis of their identifications of defendants. In particular, defense counsel should be permitted to explore whether the officers' ability to identify defendants was the product of pooled surveillance information rather than the officers' individual knowledge and observations. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Denman, Green, Pine and Lowery, JJ.