■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MUNOZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY REYES, Appellant. [613 NYS2d 892] — Judgments, Supreme Court, New York County (Herbert Altman, J., on suppression motions; James A. Yates, J., at pleas and sentences), rendered October 5, 1993, convicting defendants Reyes and Munoz, upon their pleas of guilty, of criminal possession of a controlled substance in the second degree and attempted criminal possession of a controlled substance in the third degree, respectively, and sentencing them to terms of 3 years to life imprisonment and 5 years probation, respectively, unanimously affirmed.

Contrary to defendants' contentions, the information contained in the affidavit for a search warrant, which was based solely upon the personal observations of police officers made on 11 separate occasions, was plainly reliable *(see, United States v Ventresca,* 380 US 102, 110-111), and provided the issuing Magistrate with more than enough details of defendants' selling operation " 'to support a reasonable belief that * * * evidence of a crime [might] be found' " at the subject apartment and that "it was more probable than not that criminal activity was taking place" there *(People v Pinchback,* 187 AD2d 540, 541, *affd* 82 NY2d 857, quoting *People v Bigelow,* 66 NY2d 417, 423).

Nor was the information stale. "Information may be acted upon as long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made." *(People v Clarke,* 173 AD2d 550.) Here, the observations, made over a five-month period, the last one only four days before the application, were sufficient to support a reasonable belief that an ongoing drug enterprise existed and that evidence of illegal drug activity would be present at the time and the place of the search *(see, People v Wilkerson,* 167 AD2d 662, 663, *lv denied* 78 NY2d 958; *United States v Feola,* 651 F Supp 1068, 1090-1091, *affd* 875 F2d 857). Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.