■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARCUS GRAHAM and GARY VAN DORN, Respondents. [663 NYS2d

334] —Appeal by the People from (1) an order of the Supreme Court, Kings County (Harkavy, J.), dated March 9, 1995, which granted those branches of the defendants' respective omnibus motions which were to suppress physical evidence; and (2) an oral decision of the same court, issued March 10, 1995, which, upon reargument, adhered to its original determination and dismissed the indictment.

Ordered that the appeal from the oral decision is dismissed as no appeal lies therefrom (cf., CPL 450.20, 450.50); and it is further,

Ordered that the order is reversed, on the law, those branches of the defendants' respective omnibus motions which were to suppress physical evidence are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

On November 30, 1994, Police Officer Bruce Hammonds appeared in Supreme Court, Kings County, to seek a warrant to search "apartment 6C, in the premises located at 3101 Foster Avenue, Kings County". In his affidavit in support of the application Officer Hammonds stated, inter alia, that the defendants were using "apartment 6C in the premises located at 3101 Foster Avenue, Kings County" for illegal purposes. The affidavit further stated that "the premises of 3101 Foster Avenue, Kings County is a six story brick faced residential * * * building". Prior to signing the warrant the Supreme Court conducted a brief examination of Officer Hammonds at which Hammonds stated that he had been in the building located at 3101 Foster Avenue, Kings County, although he had never been in apartment 6C. Based upon this information the Supreme Court issued the warrant. However, although the warrant stated that there was probable cause for believing that contraband would be found in "apartment 6C in the premises of 3101 Foster Avenue, Kings County", it directed an immediate search of "apartment 6C in the premises of 3101 Wilson Avenue, Kings County, occupied by [the defendants]" (emphasis added). Thereafter Hammonds executed the warrant at apartment 6C, 3101 Foster Avenue, Kings County, recovered drugs and a weapon, and arrested the defendants.

Based upon the error contained on the face of the warrant, the defendants moved to suppress the tangible evidence seized from the apartment. The Supreme Court found that the "warrant failed to satisfy constitutional requirements" and granted the motion. We now reverse.

Although a search warrant must "particularly describe" the place to be searched (US Const 4th Amend; NY Const, art I,

§ 12), the particularity requirement "does not mean that hypertechnical accuracy and completeness of description must be attained but rather, from the standpoint of common sense * * * that the descriptions in the warrant and its supporting affidavits be sufficiently definite to enable the searcher to identify the * * * place * * * that the Magistrate has previously determined should be searched" *(People v Nieves,* 36 NY2d 396, 401; *see also, United States v Ventresca,* 380 US 102, 108). Errors in a warrant will not necessarily invalidate a search as long as the executing officer can identify the subject premises with reasonable certainty *(see, United States v Gitcho,* 601 F2d 369, *cert denied* 444 US 871; *People v Fahrenkopf,* 191 AD2d 903; *People v Lemazzo,* 156 Misc 2d 756). The determination of whether the executing officer can so identify the premises to be searched despite an error in the warrant will depend upon the particular facts and circumstances of each case *(People v Nieves, supra,* at 402).

Applying these principles to the case at bar we find that the warrant was valid despite the ambiguity on its face. First, although it is clear that the warrant listed the wrong address to be searched, it also listed the correct address in the opening paragraph wherein it stated at what location the contraband would be found. Therefore, although the warrant may have been ambiguous on its face, the erroneous address should not be viewed in isolation, and the ambiguity was capable of easy resolution by reference to the supporting affidavit which identified the correct address no less than three times, and also described the building located at 3101 Foster Avenue, Kings County *(see, People v Telesco,* 207 AD2d 920; *United States v Gahagan,* 865 F2d 1490, *cert denied* 492 US 918; *United States v Shropshire,* 498 F2d 137).

Secondly, the warrant itself limited the premises to be searched to those occupied by the named defendants. Thus, with only a minimal inquiry at the premises prior to execution of the warrant, an executing officer could have ascertained whether he had located the correct premises *(see, People v Fahrenkopf, supra).*

Third, there is the fact that 3101 Wilson Avenue (the incorrect address) is a non-existent address in Kings County. Although there is a Wilson Avenue in Brooklyn, the highest address on this street is 699. Therefore, had a police officer attempted to execute this warrant at 3101 Wilson Avenue in Kings County, he would have discovered that there was no such location. Such fact further insures that there was little, if any, possibility that the wrong premises would be searched as

a result of the error *(see, People v Cordero,* 124 Misc 2d 43; *United States v Goodman,* 312 F Supp 556).

Finally, and perhaps most importantly, is the fact that it was the same officer who applied for and who executed the warrant. Inasmuch as Officer Hammonds knew which building was intended to be searched, and since he was the one who executed the warrant, there was no reasonable possibility that the wrong premises would be searched regardless of the error contained in the warrant *(see, People v Eldridge,* 173 AD2d 975; *People v Earl,* 138 AD2d 839, 841; *United States v Occhipinti,* 998 F2d 791, 794; *United States v Gitcho,* 601 F2d 369, *supra).*

Accordingly, in view of the above facts and circumstances, and mindful of the strong preference in favor of upholding search warrants *(see, People v Hanlon,* 36 NY2d 549), we conclude that the Supreme Court erred in suppressing the evidence seized pursuant to this warrant. Bracken, J. P., Santucci, Joy and Friedmann, JJ., concur.