■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON GRAY, Appellant. [647 NYS2d 759] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered May 31, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Any error in not charging the agency defense with respect to 8 to 10 crack vials that defendant testified he had purchased on behalf of two friends was harmless in view of the overwhelming evidence that defendant possessed a total of 98 crack vials

with intent to sell them. First, the jury could have convicted defendant of possession with intent to sell based on the police officer's testimony that he saw defendant complete two drug transactions minutes before the arrest (*see, People v Alvino*, 71 NY2d 233, 245). Second, even assuming the jury accepted defendant's testimony that he was an agent as to a limited amount of the vials, he was still left in possession of a substantial number of vials with respect to which the jury could have readily inferred an intent to sell (*cf., supra*, at 245-246; *People v Thomas*, 162 AD2d 822, 823; *People v Timmons*, 127 AD2d 806, *lv denied* 69 NY2d 1010). Given the overwhelming evidence of defendant's guilt of possession with intent to sell, the trial court properly refused to charge the lesser included offense of criminal possession of a controlled substance in the seventh degree (*cf., People v Rosa*, 201 AD2d 308). We perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Wallach, Kupferman, Williams and Mazzarelli, JJ.