■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Appellant. [680 NYS2d 2] —Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered July 5, 1994, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 6 years to life and 1 year, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The subject warrant, which contained both a correct and incorrect street address on its face, was valid under the circumstances since "there was no reasonable possibility that the wrong premises would be searched regardless of the error contained in the warrant" (*People v Graham*, 220 AD2d 769, 772, *lv denied* 89 NY2d 942). The affidavit in support of the warrant application listed the correct address three times and the officer who both applied for and executed the warrant had personal knowledge of the place to be searched, making it inconceivable that he would have searched a premises more than 100 blocks away as a result of an obvious typographical error. Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL SOTO, Also Known as PEDRO LEBRON, Appellant. [679 NYS2d 281] —Judgment, Supreme Court, New York County (Budd Goodman, J., at suppression motion; William Leibovitz, J., at jury trial and sentence), rendered September 29, 1995, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The trial court properly declined to submit criminal possession of a controlled substance in the seventh degree as a lesser included offense because there was no reasonable view of the evidence that defendant possessed the additional glassine envelopes of heroin without intent to sell them (*see*, *People v Gray*, 232 AD2d 179, *lv denied* 89 NY2d 1093).

The motion court correctly denied defendant's motion to suppress without a hearing where defendant's moving papers failed to allege a factual dispute regarding the legality of the police officer's conduct (*see*, *People v Mendoza*, 82 NY2d 415).

We have considered and rejected defendant's challenges to the court's supplemental jury instructions. Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.