■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN GRAMSON, Appellant. [854 NYS2d 707]—

Judgment, Supreme Court, New York County (Renee A. White, J., on pretrial motions; Ruth Pickholz, J., at jury trial and sentence), rendered August 2, 2006, convicting defendant of money laundering in the second degree and two counts of promoting prostitution in the third degree, and sentencing her

to an aggregate term of five years' probation, unanimously affirmed.

The suppression court properly denied defendant's challenge to the search warrant. The premises to be searched were sufficiently described so that there was no reasonable possibility that the wrong premises would be searched. Although the affiant in the search warrant application described the place to be searched as the second and third floor of a certain building, while the building contained a lower duplex with two floors and an upper duplex with two floors, it is clear that the affiant did not count the ground floor as the first floor, but began counting on the second floor (*see People v Traymore,* 241 AD2d 226 [1998], *lv denied* 92 NY2d 907 [1998]). Thus, by his method, he accurately described the two floors of the upper duplex. Moreover, as it was the same detective who applied for and executed the warrant, there was no possibility that the wrong premises would be searched (*see People v Rodriguez,* 254 AD2d 95 [1998]; *People v Graham,* 220 AD2d 769, 772 [1995], *lv denied* 89 NY2d 942 [1997]). For these same reasons, the affiant's description of the safe on the "second floor" did not create a reasonable possibility that the wrong safe would be searched.

Furthermore, the warrant repeatedly stated the address to be searched, which was the address of the upper duplex. The lower duplex had a different address and a different entrance. The warrant also clearly stated that it was defendant's premises which were to be searched, which "allowed police to ascertain the target [premises] by minimal inquiry at the site, without there being anything but the remotest possibility that the wrong place would be searched" (*People v Fahrenkopf,* 191 AD2d 903 [1993] [internal quotation marks and citation omitted]).

We also reject defendant's staleness arguments. "Information may be acted upon as long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made." (*People v Clarke,* 173 AD2d 550, 550 [1991]; *see also People v Munoz,* 205 AD2d 452 [1994], *lv denied* 84 NY2d 870 [1994].) Here, the search warrant application made clear that defendant's prostitution enterprise was an ongoing, continuous enterprise (*see People v Villanueva,* 161 AD2d 552, 553 [1990]).

We also find that the warrant was supported by probable cause. A presumption of validity attaches to a warrant (*People v Castillo,* 80 NY2d 578, 585 [1992], *cert denied* 507 US 1033 [1993]). Evaluation of whether probable cause exists in a warrant affidavit should be based on all the facts and circumstances

viewed together (*People v Bigelow*, 66 NY2d 417, 423 [1985]), and the affidavit should not be read in a hypertechnical manner, but considered in the light of everyday experiences (*People v Traymore*, 241 AD2d at 229-230). Here, defendant advertised her services in the "adult" section of a magazine and offered "escort services" on her Web sites (*see United States v Kinzler*, 55 F3d 70, 71 [2d Cir 1995] [escort services are generally fronts for prostitution]). Phone calls to contact numbers revealed that appointments to this purported massage parlor could only be made from a phone linked to a verifiable home or business, or by persons who had previously used the service and had a private code. One officer was expressly told over the phone that sex could be obtained for money, and others were hung up on when they failed to recite a proper code. The affiant could rely on these assertions by fellow officers (*see People v Robinson*, 8 AD3d 131, 133 [2004], *lv denied* 3 NY3d 680 [2004]). Furthermore, surveillance of the premises demonstrated activity consistent with a brothel. These facts were sufficient to establish probable cause, which "does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (*People v Bigelow*, 66 NY2d at 423).

We have considered and rejected defendant's remaining suppression claims, including her arguments regarding the need for a *Darden* hearing (*People v Darden*, 34 NY2d 177, 181 [1974]), a *Franks/Alfinito* hearing (*Franks v Delaware*, 438 US 154 [1978]; *People v Alfinito*, 16 NY2d 181 [1965]), or any other type of hearing.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they rely primarily on factual assertions outside the record, including matters about which appellate counsel claims to have personal knowledge (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Lippman, P.J., Tom, Buckley and Moskowitz, JJ.