People v Samuels (2021 NY Slip Op 04107)





People v Samuels


2021 NY Slip Op 04107


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Ind No. 2353/16, 1768/18 2353/16, 1768/18 Appeal No. 14142-14142A Case No. 2019-3850 

[*1]The People of the State of New York, Respondent,
v
Carleton Samuels, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert Myers of counsel), for respondent.



Judgments, Supreme Court, Bronx County (Margaret L. Clancy, J. at motions; Barry E. Warhit, J. at plea and sentencing), rendered March 20, 2019, convicting defendant of two counts of manslaughter in the first degree, and sentencing him to concurrent terms of 20 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied __ US __, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]). The plea court adequately described the right to appeal while separating it from the rights forfeited by a guilty plea. Even if the court required the waiver sua sponte, this Court "has not adopted the Second Department's requirement that the court articulate a reason for requiring an appeal waiver in a court-initiated plea proceeding" (People v Dilworth, 189 AD3d 636, 637 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]). Defendant's valid waiver forecloses review of the denial of his motion to controvert a search warrant and his excessive sentence claim.
Regardless of whether defendant made a valid appeal waiver, he did not preserve his claim that the motion court should have granted his motion to controvert the search warrant without ordering a hearing, and we decline to review it in the interest of justice. In any event, the court properly granted a hearing pursuant to Franks v Delaware (438 US 154 [1978]), as defendant requested, whereupon defendant pleaded guilty rather than proceeding with the hearing. We also perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021