People v Ventura (2023 NY Slip Op 03201)

People v Ventura

2023 NY Slip Op 03201

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

Ind No. 284/19 Appeal No. 443 Case No. 2021-04558 

[*1]The People of the State of New York, Respondent,
v
Ernest Ventura, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Robert Hunter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane Kiesel, J. at motion to controvert search warrant; Steven M. Statsinger, J. at renewed motion; Gregory Carro, J. at plea and sentencing), rendered December 6, 2021, as amended December 10, 2021, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.
A search warrant was issued authorizing police to search defendant's apartment for evidence related to three police impersonation robberies that occurred in the Bronx and Manhattan on November 24, 25, and 29, 2018. The search warrant's supporting affidavit described how the three robberies had occurred and identified the items that were stolen. Specifically, the warrant authorized police to search for a gold police shield, credit cards, identification cards, and passports belonging to the victims, two gold chain necklaces, "Yeezy" sneakers, "Beats" headphones, the first victim's duffel bag, the second victim's Samsung cellphone and backpack, evidence of ownership and use of the apartment itself, and evidence of ownership and use of a black, four-door sedan with silver trim. The affidavit asserted that on January 9, 2019, the third victim identified defendant in a double-blind lineup as one of the men who had robbed him. The affidavit further averred that defendant's address was verified on January 16, 2019 through the management company for his apartment building. The search warrant was issued on the same day. On January 18, 2019, police executed the search warrant of defendant's apartment and recovered, among other items, a loaded firearm, ammunition, five pairs of Yeezy sneakers, four Samsung cellphones, two gold necklaces, and mail addressed to defendant at his residence.
As is relevant to this appeal, prior to the suppression hearing, and after the People provided defendant with a redacted copy of the warrant application, defendant filed a second motion to controvert, arguing that the warrant did not establish probable cause that stolen property would be found in his apartment or that such evidence would still be there at the time the warrant was issued, which was nearly two months after the robberies. Supreme Court denied the motion finding that "the warrant was not stale and the time of execution was reasonable considering the ongoing police investigations regarding the defendant."
Search warrant applications "must be considered in the clear light of everyday experience and accorded all reasonable inferences" (People v Hanlon, 36 NY2d 549, 559 [1975]), and "it is not unreasonable to infer that one who commits a crime will attempt to hide contraband and other evidence at a place over which he has control" (People v Walker, 285 AD2d 660, 662 [3d Dept 2001], lv denied 97 NY2d 659 [2001]).
Here, the search warrant for various items connected with a series of similar police impersonation robberies was based on probable cause to believe [*2]that evidence related to the robberies would be found in defendant's apartment. The information that formed the basis for the warrant was not stale because the "state of facts" establishing probable cause for the search of defendant's home "continue[d] to exist" when the warrant authorizing that search was issued (see People v Reyes, 205 AD2d 452, 452 [1st Dept 1994], lv denied 84 NY2d 870 [1994]). The totality of the circumstances, namely, the fact that the evidence sought was not the type that rapidly dissipates or degrades, or can be quickly discarded, the six week period that elapsed between the third robbery and defendant's identification as a perpetrator, the one week period between defendant's identification and issuance of the warrant, and the issuance of the warrant on the same day that police confirmed the location of defendant's residence, were sufficient to support a reasonable belief that evidence of the robberies would be present in defendant's residence at the time of the search (see id. at 452; People v Fernandez, 210 AD3d 693, 694 [2d Dept 2022], lv denied, 39 NY3d 1072 [2023]; People v Terry, 165 AD3d 561, 562 [1st Dept 2018], lv denied 32 NY3d 1210 [2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023