People v Balaguer (2025 NY Slip Op 05467)

People v Balaguer

2025 NY Slip Op 05467

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Ind. No. 73167/23, 2129/19|Appeal No. 4875, 4876|Case No. 2023-06436, 2023-06439|

[*1]The People of the State of New York, Respondent,
v
Anthony Balaguer, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Robert Butlien of counsel), for respondent.

Judgment, Supreme Court, New York County (Erika M. Edwards, J., on motion to controvert search warrant; Ellen Biben, J., at pleas and sentencing), rendered Oct0ber 19, 2023, as amended November 16, 2023, March 1, 2024 and March 4, 2024, convicting defendant of attempted criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender with a prior violent felony offense, to concurrent terms of 3½ years and 2½ years, respectively, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses his challenge to the denial of his motion to controvert a search warrant and review of his excessive sentence claim (see People v Hines, 237 AD3d 549 [1st Dept 2025]; People v Samuels, 195 AD3d 570, 570-571 [1st Dept 2021], lv denied 37 NY3d 1148 [2021]). As an alternative holding, we find that the warrant was based on probable cause (see People v Griminger, 71 NY2d 635, 639 [1988]; Illinois v Gates, 462 US 213, 238 [1983]), did not lack particularity, and was not overbroad (see generally People v Gramson, 50 AD3d 294 [1st Dept 2008], lv denied 11 NY3d 832 [2008]). The warrant affidavit also established there was reasonable cause to believe that the property to be seized was subject to quick or easy destruction or disposal and thus supports the issuance of a "no-knock" provision (CPL 690.35[4][b]; People v Skeete, 257 AD2d 426, 426-427 [1st Dept 1999]).
We also perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025