People v Brown (2026 NY Slip Op 00984)

People v Brown

2026 NY Slip Op 00984

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Ind No. 72075/23|Appeal No. 5894|Case No. 2024-05932|

[*1]The People of the State of New York, Respondent,
vJamal Brown, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven J. Hornstein, J.), rendered September 5, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a firearm and sentencing him to five years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay $375 in surcharge and fees as a condition of his probation, and otherwise affirmed.
Defendant validly waived of his right to appeal (see People v Thomas, 34 NY3d 345, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his challenge to the denial of his motion to controvert a search warrant and review of his claim that his sentence is excessive (see People v Hines, 237 AD3d 549 [1st Dept 2025], lv denied — NY3d— [2025]; People v Samuels, 195 AD3d 570, 570-571 [1st Dept 2021], lv denied 37 NY3d 1148 [2021]). As an alternative holding, we find that the warrant was based on probable cause (see People v Griminger, 71 NY2d 635, 639 [1988]; see also Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]), and did not lack particularity. We also perceive no basis for reducing the sentence.
However, defendant's challenge to the condition of probation requiring that he pay the mandatory surcharge and court fees survives his waiver of the right to appeal (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). Defendant, the caregiver for his disabled brother, works at construction when able but remains indigent. We find that the imposition of the $375 sum, comprised of the mandatory surcharge, crime victim's assistance fees, and DNA fees, as a condition of defendant's probation will not assist in ensuring that he leads a law-abiding life and is not reasonably related to his rehabilitation (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). Accordingly, that condition is stricken. We note that the People do not oppose this relief.
We decline to grant defendant's request for a certificate of relief from disabilities. As indicated by the sentencing court, defendant may reapply for a certificate of relief from disabilities if he "does well on probation for an appropriate period of time." THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026