■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK THOMAS BURKE, Appellant.—Appeal from a judgment of the County Court of Cortland County, rendered December 31, 1975, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree and sentencing him to an indeterminate term of imprisonment not to exceed four years. On June 17, 1975, Lieutenant Thomas Crane of the Cortland County Sheriff's Department investigated a complaint from Elwyn Barber of Route 41 in the Town of Scott that his tool shed had been burglarized and tools valued at approximately $300 had been taken therefrom. Subsequently, on August 14, 1975, when the Lieutenant went to the defendant's apartment in the City of Cortland to arrest him on an unrelated criminal matter, he observed a pair of needle-nose pliers with red plastic handles similar to those described by Barber as having been stolen. He proceeded to arrest defendant and then permitted him to lock the doors of his nearby pick-up truck, at which time the officer noticed in the truck a tool box and a set of sockets resembling items on Barber's list of stolen goods. Having previously been informed by Barber that defendant had been seen in the vicinity of the tool shed shortly before the alleged burglary, the officer next obtained a search warrant for defendant's apartment and truck based upon all of the foregoing information. That same day, August 14, 1975, the warrant was executed, and the numerous items seized were later identified by Barber as being the missing property. As a result, defendant was indicted for the crimes of burglary in the third degree, petit larceny and criminal possession of stolen property in the third degree. Following the denial of his motion to suppress the evidence obtained pursuant to the warrant, defendant entered a plea of guilty to the crime of attempted burglary in the third degree in full satisfaction of the indictment on December 1, 1975. On this appeal, defendant initially contends that the search warrant application and supporting deposition were based on stale information and collectively failed to provide reasonable cause for the issuance of the warrant. We disagree. Plainly, the warrant was not issued on stale information since the central

foundation therefor was Lieutenant Crane's observation of the pliers, tool box and set of sockets in defendant's apartment and pick-up truck on August 14, 1975 and the warrant was obtained and executed only hours thereafter and on the same date. As to whether the requisite cause was established so as to justify the issuance of the warrant, it is by now well settled that a search warrant may be issued only upon probable cause, which "exists when there is a reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched *(People v. Talutis,* 39 A D 2d 815, quoting from *People v. Marshall,* 13 N Y 2d 28, 34; *Carroll v. United States,* 267 U. S. 132)." Only the probability of criminal activity need be shown *(Spinelli v United States,* 393 US 410), and affidavits in support of a warrant need not meet the rigorous standards for the admissibility of evidence at trial *(Draper v United States,* 358 US 307). Moreover, issuing Magistrates may utilize common sense in making their determinations *(United States v Ventresca,* 380 US 102), which should not be lightly rejected by appellate courts *(Jones v United States,* 362 US 257). In this instance, the issuance of the warrant was grounded primarily upon the personal observations of Lieutenant Crane of the Sheriff's department. As the investigating officer on the Barber complaint, he was particularly well situated to make a reliable and credible identification of the specific items which he observed in defendant's apartment and truck as closely resembling some of the property allegedly stolen from the tool shed. Such being the case, the arousal of his suspicions was rightly accorded great weight by the issuing Magistrate, and it was further buttressed by Barber's statement that defendant was seen in the vicinity of the shed shortly before the property was missed. While this latter statement is undoubtedly hearsay, it could properly provide added justification for the issuance of the warrant because it was rendered significantly more credible by Lieutenant Crane's personal observations *(United States v Ventresca, supra; Aguilar v Texas,* 378 US 108; *Jones v United States, supra).* Under all these circumstances, we find that a cautious man could have reasonably concluded that stolen property was to be found in defendant's apartment and pick-up truck, and, accordingly, there was probable cause for the issuance of the warrant. Defendant's additional contention that the warrant did not sufficiently particularize the property to be seized is likewise without merit. According to its terms, the warrant authorized a search for certain specific items which it described in detail, e.g., one complete set of one-half inch drive Thorsen sockets one of which sockets is broken, and this is clearly not a situation as in *People v Einhorn* (75 Misc 2d 183), relied upon by defendant, where the items sought in the search of a pharmacy were described with particulars so broad as to justify the seizure of practically everything in the store. Similarly, that the gray Montgomery Ward tool box seized was described as green in the search warrant only constitutes a minor discrepancy involving "inconsequential minutiae at best" and does not serve to give an air of falsity to either the warrant or its supporting deposition *(People v Solimine,* 18 NY2d 477, 480, mot for rearg den 21 NY2d 1041). Finally, defendant challenges the sentence which he received as being excessive, but it is clearly within the statutory limit for a class E felony (Penal Law, § 70.00, subd 2, par [e]). Furthermore, the sentencing court set forth in the record its reasons for its action, notably defendant's past criminal record, and no extraordinary circumstances are presented to justify

our interference with that court's discretion *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Greenblott, J. P., Mahoney, Main, Larkin and Reynolds, JJ., concur.