OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion to suppress granted and the case remitted to Supreme Court, New York County, for further proceedings on the indictment.
The affidavits submitted by the police officers in support of their application for a search warrant did not contain sufficient facts to permit the Magistrate to conclude that probable cause existed to issue a warrant for the search of an apartment belonging to defendant’s friend. The affidavits stated only that an informant who had previously supplied accurate information had told the police that defendant was conducting a bookmaking operation somewhere in Manhattan. Even were we to assume that the informant’s "tip” was imbued with sufficient indicia of reliability (see Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108), we could not say that the warrant was properly issued, since the affidavits did not provide a reasonable basis for believing that contraband or evidence could be found in the apartment to be searched. The police officers’ observations of defendant exiting the apartment at particular hours for five consecutive days are not in themselves sufficient to justify the issuance of the warrant, since such conduct is as consistent with defendant’s innocence as it would be with a hypothesis of guilt (People v Wirchansky, 41 NY2d 130, 134-135). Nor may defendant’s reputation as an inveterate bookmaker serve to bolster the officers’ observations to the point where probable cause is established (Spinelli v United States, 393 US 410, 418-419, supra). Finally, the statement made by the informant that bookmaking operations are normally closed down for the day at approximately the same hour that defendant was seen leaving his friend’s apartment was simply too general to cast an aura of suspicion upon conduct that was otherwise susceptible of innocent interpretation.
The affidavits were not legally sufficient to establish proba *912 ble cause for believing that the premises contained contraband or evidence, and thus the warrant should not have been issued. Accordingly, any evidence seized while the officers were on the premises pursuant to the authority conferred by the warrant should have been suppressed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum; Judge Jasen concurs in result on constraint of People v Wirchansky (41 NY2d 130).
Order reversed, etc.