■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL J. GERMANO, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 20, 1982, convicting defendant upon his plea of guilty of the crime of promoting gambling in the first degree. The sole issue presented is whether probable cause existed for the issuance of a warrant to search defendant's residence at 17 Fullerton Street in the City of Albany. The warrant was signed by an Albany County Judge and executed by the State Police. As a result of the search, betting slips, records and paraphernalia allegedly used in connection with illegal gambling activities were

Direct Damages

uncovered and defendant was indicted on two counts of promoting gambling in the first degree and also for possessing gambling records. When his motion to suppress these items was denied, defendant, in full satisfaction of all three counts of the indictment, pleaded guilty to one count of promoting gambling in the first degree; a fine and five years' probation was the sentence imposed. Defendant maintains that the affidavit supporting the warrant application did not contain facts establishing probable cause. That affidavit, made by a State Police investigator with some 19 years of training and experience in conducting investigations into illegal gambling activities, recited that on September 8, 1980, an anonymous phone caller stated: "that on a daily basis at approximately 3:00 PM at 323 Hackett Blvd., Albany, New York, an unknown white male [later discovered to be Dominic J. Mufale] arrives operating a 1979 Oldsmobile, color white, New York Registration 470-AFA and enter [sic] 323 Hackett Blvd., Albany, New York, the residence of FRANCES GERMANO. The caller further stated that approximately five (5) to ten (10) minutes later an unknown black male appears operating a 1978 Plymouth, color green, New York Registration NYP-454. The unknown white male would leave the GERMANO residence and walk to the black male's vehicle, the black male would then hand the white male a brown paper bag, both subjects would then leave the area." The affidavit details that five days of police surveillance confirmed this information; it also disclosed that on two occasions the 8 inch by 12 inch brown paper bag was taken by Mufale to defendant Germano's residence at 17 Fullerton Street. It was noted that 16 years earlier Germano and Mufale had each been arrested for gambling offenses and further that the officer felt that there was probable cause to believe Mufale was involved in a policy operation and that the 17 Fullerton Street residence was a part of the illicit process. To justify issuance of a search warrant, there must be a reasonable probability that the law is being violated on the premises to be searched (*People v Burke,* 53 AD2d 802). Since the "tip" does not disclose any circumstances from which it may be concluded that illegal activity was taking place at the Fullerton Street address, the observations made by the police must of necessity be relied upon to preserve the warrant (*People v Wirchansky,* 41 NY2d 130, 132). However, nothing in the supporting affidavit which, according to the record, was all that was before the issuing magistrate, suggests that criminal activity was being engaged in there. No unusual or abnormal actions were noticed; nor is there any indication that gambling contraband was being concealed on the premises. At best, all that was before the magistrate was the fact that following Mufale's daylight encounters with a black male on a residential street, meetings not surreptitiously held and in which neither participant acted furtively, Mufale was twice seen carrying a brown paper bag into the Germano residence on Fullerton Street. This equivocal conduct (it is as consistent with defendant's innocence as it would be with a hypothesis of guilt [*People v Yedvobnik,* 48 NY2d 910]) gives rise to only a bare suspicion that gambling crimes were being committed on the premises; a showing of this character is insufficient to establish probable cause (*People v Fino,* 14 NY2d 160, 163). And since defendant's ancient gambling transgressions cannot be used to bolster the officer's observations to the point where probable cause is established (*Spinelli v United States,* 393 US 410, 418-419; *People v Yedvobnik, supra,* p 911), the motion to suppress should have been granted. Judgment reversed, on the law and the facts, and indictment dismissed. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur; Weiss, J., not taking part.