(November 15, 1984)

█ The People of the State of New York, Respondent, v Raymond Contento, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 29, 1979, convicting defendant upon his plea of guilty of the crime of possession of gambling records in the first degree.

This appeal concerns the validity of a search warrant which directed the search of defendant's automobile for football gambling betting sheets. It is the contention of defendant that the

affidavits supporting the issuance of the warrant do not set forth probable cause for a search of defendant's automobile, nor do they provide any showing that the football sheets sought were to be used for any illegal purpose. There should be an affirmance.

In our view, the record demonstrates reasonable grounds for believing that illegal activity was afoot. The magistrate issuing the warrant had before him sworn statements of investigating officers which, upon the totality of the circumstances, established the requisite reasonable ground of suspicion for the issuance of a warrant to stop and search defendant's automobile (*People v Marshall,* 13 NY2d 28). In the course of investigating an open door at a printing company in the City of Albany at approximately 2:00 A.M. on August 29, 1978, officers observed several stacks of brown paper sheets near the door which they recognized as "football sheets" used in illegal gambling operations. The proprietor was present and a press was in operation. Subsequent surveillance revealed the use of the vehicle in question for the transportation of bundles of papers, such as were observed in the print shop, to various bars in the area on numerous occasions, always on Monday nights and into the early morning hours of the following day. The affidavits describing these independent observations of the police officers establish probable cause (see *People v Alaimo,* 34 NY2d 187; *People v Valentine,* 17 NY2d 128).

Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The affidavits offered in support of the application for the search warrant fail to state sufficient facts to sustain County Court's finding of probable cause (see *People v Yedvobnik,* 48 NY2d 910; see, also, *People v Wirchansky,* 41 NY2d 130). The police observed the printing of football betting sheets and their storage at the Ambrose Printing Shop in the City of Albany only in the morning hours of August 29, 1978. There is no proof that defendant was a known gambler or connected in any way with known gamblers. The normal business hours of the print shop are not set forth. There is a failure to demonstrate that the persons leaving the print shop with "bundles of papers" were carrying football betting sheets. The "bundles of papers" are not described by size, color or otherwise. One can only speculate, based on the information furnished, that defendant and others were carrying football betting sheets out of the print shop.

The facts do not reasonably lead one to the conclusion, reached by County Court, that the destinations of the described vehicles

"were always taverns". Moreover, the affidavits do not state that defendant, or any other person, entered the taverns mentioned with "bundles of papers" or even met anyone therein. Additionally, it is not shown what connection the described "taverns" had with the football betting sheets. Furthermore, there is no proof that defendant's vehicle was at the print shop during the early morning hours. The hours his vehicle was observed were from 8:55 P.M. to 9:12 P.M. and again at approximately 10:40 P.M. the same evening. No evidence was offered to establish that the described conduct constituted illegal activity or that it was inconsistent with innocence. "The behavior, at most 'equivocal and suspicious', was not supplemented by any additional behavior raising 'the level of inference from suspicion to probable cause'" (*People v Brown*, 24 NY2d 421, 423, quoting *People v Corrado*, 22 NY2d 308, 311, 313). In my view, the judgment of conviction should therefore be reversed, the motion to suppress granted and the matter remitted to County Court for further proceedings.