OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion to suppress granted, the judgments of conviction vacated and the indictments dismissed.
Although probable cause determinations that involve questions of fact, or mixed questions of law and fact, are generally beyond the scope of review of this court (see, People v McCray, 51 NY2d 594, 601), where, as here, the issue is the minimum showing necessary to establish probable cause, a question of law is presented (People v Bigelow, 66 NY2d 417, 420-421; People v Johnson, 66 NY2d 398). Although there is a strong judicial preference for search warrants (People v Potwora, 48 NY2d 91, 95; People v Vaccaro, 39 NY2d 468, 472; People v *816 Hanlon, 36 NY2d 549) and courts should not analyze applications in a grudging or hypertechnical manner when determining whether they meet constitutional standards (People v P. J. Video, 65 NY2d 566, 571, revd sub nom. New York v P. J. Video, 475 US 868, 106 S Ct 1610, on remand 68 NY2d 296; People v Hanlon, 36 NY2d 549, 558, supra), a search warrant application must provide the magistrate with information sufficient to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search (People v Bigelow, 66 NY2d, at p 423, supra).
The affidavit submitted in support of the application for the search warrant here fails to meet that minimum standard. That affidavit relied primarily on hearsay information but failed to satisfy the "basis of knowledge” requirement for use of such information (People v Bigelow, 66 NY2d 417, 423, supra; People v Rodriguez, 52 NY2d 483, 490). The results of a pen register and surveillance of defendant’s activities were as consistent with innocence as with guilt (see, People v Yedvobnik, 48 NY2d 910, 911; People v Wirchansky, 41 NY2d 130, 134-135; People v Germano, 91 AD2d 1137, 1138). Finally, the positive reaction at the door of defendant’s apartment by a dog trained to detect the odor of narcotics, even if otherwise lawful and sufficient to establish probable cause, was not "so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time” (Sgro v United States, 287 US 206, 210).
In light of this disposition, we find it unnecessary to reach any of defendant’s remaining contentions.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.