■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SKYLES, Appellant. [698 NYS2d 286] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered September 12, 1997, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that there is legally insufficient evi-

dence to support his conviction of criminal possession of a weapon in the third degree because the prosecution failed to establish that he constructively possessed a gun found on top of a dresser in his bedroom. We disagree.

To sustain a conviction of criminal possession of a weapon in the third degree the People must establish that the defendant had physical or constructive possession of the weapon recovered (*see,* Penal Law §§ 265.02, 265.15 [1]; § 10.00 [8]). Constructive possession may be established by direct evidence or by circumstantial evidence with inferences drawn from the facts presented in the case (*see, People v Brian,* 84 NY2d 887). To prove constructive possession, the People must show that the defendant had dominion or control over the weapon (*see, People v Rodwell,* 246 AD2d 916; *People v Brown,* 181 AD2d 1041; *People v Vastola,* 70 AD2d 918). A sufficient level of control over the area in which the contraband is found establishes constructive possession (*see, People v Manini,* 79 NY2d 561). Mere access by others to the area does not preclude a finding of constructive possession (*see, People v Pinchback,* 187 AD2d 540, *affd* 82 NY2d 857; *People v Torres,* 68 NY2d 677).

In the present case, the gun was discovered in the bedroom of the apartment in which the defendant resided. The defendant's belongings were in his bedroom, and the dresser where the weapon was found belonged to the defendant. The defendant's parents, who also resided in the apartment, had their own bedroom.

Based on the foregoing, we find that the defendant had a sufficient level of control over the area where the weapon was found to establish that he exercised dominion and control over the weapon and to uphold the conviction (*see, People v Phiefer,* 43 NY2d 719; *People v Pinchback, supra*; *cf., People v Olivo,* 120 AD2d 466; *People v Vastola, supra*). Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.