184

[945 NE2d 1010, 920 NYS2d 760]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUJA-
HID MUHAMMAD, Appellant.

Argued January 12, 2011; decided February 17, 2011

**POINTS OF COUNSEL**

*Center for Appellate Litigation,* New York City (*Peter Theis* and *Robert S. Dean* of counsel), for appellant. I. The evidence was not legally sufficient to establish that defendant knowingly possessed the two forged credit cards found out of view in the borrowed car. (*People v Danielson,* 9 NY3d 342; *Jackson v Virginia,* 443 US 307; *People v Contes,* 60 NY2d 620; *People v Saunders,* 85 NY2d 339; *People v Ford,* 66 NY2d 428; *People v Crespo,* 198 AD2d 85; *People v Albright,* 59 AD3d 336; *People v Bailey,* 13 NY3d 67; *People v Fitzgerald,* 156 NY 253.) II. The court's refusal to charge the jury that Penal Law § 170.25 required the People to prove defendant's knowing possession of the two forged credit cards rendered the charge inadequate and removed the contested element from the jury's consideration. (*People v Ladd,* 89 NY2d 893; *People v Russell,* 266 NY 147; *People v Flynn,* 79 NY2d 879; *People v Ford,* 11 NY3d 875; *People v Saunders,* 85 NY2d 339; *People v Ford,* 66 NY2d 428; *People v Wood,* 58 AD3d 242; *People v Williams,* 10 AD3d 213; *People v Lewis,* 64 NY2d 1031; *People v Walker,* 198 NY 329.)

*Cyrus R. Vance, Jr., District Attorney,* New York City (*Gina Mignola* and *Alan Gadlin* of counsel), for respondent. I. Based on the totality of the circumstances, the jurors were entitled to conclude that defendant knew the two forged credit cards were in the car that he alone was driving, particularly since his other personal belongings were strewn about the car. (*Jackson v Virginia,* 443 US 307; *People v Contes,* 60 NY2d 620; *People v Carter,* 63 NY2d 530; *People v Kennedy,* 47 NY2d 196; *People v Barnes,* 50 NY2d 375; *People v Danielson,* 9 NY3d 342; *People v Bailey,* 13 NY3d 67; *People v Santi,* 3 NY3d 234; *People v Norman,* 85 NY2d 609; *People v Acosta,* 80 NY2d 665.) II. The court correctly instructed the jury that defendant had to know he possessed the credit cards. (*People v Saunders,* 85 NY2d 339; *People v Ford,* 66 NY2d 428; *People v Wood,* 58 AD3d 242; *People v Drake,* 7 NY3d 28; *People v Samuels,* 99 NY2d 20; *People v Ladd,* 89 NY2d 893; *People v Umali,* 10 NY3d 417; *People v Jeffries,* 56 AD3d 1166; *People v Williams,* 5 NY3d 732; *People v Lewis,* 64 NY2d 1031.)

## OPINION OF THE COURT

Pigott, J.

Defendant was driving a borrowed car when he was stopped by a police officer for a nonoperational headlight. He could not produce a driver's license and gave inconsistent responses when asked his itinerary. The officer frisked defendant and found a wallet containing a North Carolina ID card, which he used to check defendant's driving history. Upon learning that defendant's New York driver's license had been suspended, the officer arrested defendant for driving with a suspended license, and took him to the police precinct.

At the precinct, the same police officer searched defendant and vouchered the belongings he was carrying. In the course of inventorying the automobile, the officer discovered two fake credit cards, as well as a number of documents belonging to the defendant "spread out all over the car." One credit card was found in a jacket on the backseat of the car, the other was found in the side pocket of the driver's door of the vehicle. Defendant was charged with two counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25).

At trial, representatives of the credit card companies testified that the bank cards were forgeries. At the end of the People's case, defendant moved for a trial order of dismissal on legal insufficiency grounds, arguing, in essence, that the People had

failed to prove beyond a reasonable doubt that defendant had knowing possession of the bank cards. Supreme Court denied defendant's motion.

At the conclusion of the trial, Supreme Court charged the jury with the statutory definition of second-degree criminal possession of a forged instrument, and also instructed the jury that to possess means "to have actual physical possession or to exert a knowing dominion or control over," explaining that "a person has tangible property in his constructive possession when that person exercises a level of control over the area in which the property is found . . . sufficient to give him the ability to use or dispose of the property."

Supreme Court further instructed the jury, in accordance with Penal Law § 170.27, that "if the People have proved beyond a reasonable doubt that the defendant possessed two or more forged instruments that purport to be credit cards, you may infer but are not required to infer from that fact that the defendant possessed them with knowledge that they were forged and with intent to defraud, deceive or injure another."

Defense counsel challenged the jury charge on the ground that it did not adequately convey to the jury that the People must prove *knowing* possession. Supreme Court declined to modify the jury charge, and the case was submitted to the jury.

The jury found defendant guilty of both counts. Defendant moved to set aside the verdict, arguing that the evidence was legally insufficient to establish that his possession was knowing and that Supreme Court's jury charge on possession amounted to reversible error. Supreme Court denied the motion.

The Appellate Division affirmed Supreme Court's judgment, holding that "the circumstances, including the proximity of the cards to items that can reasonably be inferred to be defendant's property, supported the conclusion that defendant was aware he possessed the cards" (66 AD3d 424 [2009]), and that "[t]aken as a whole, the court's charge properly conveyed to the jury that the People were required to prove defendant knew he possessed the credit cards" (*id.* [citation omitted]). A Judge of this Court granted defendant leave to appeal, and we now affirm.

"A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses [a] forged instrument" (Penal Law § 170.25). Possession within the meaning of the second-degree criminal

possession of a forged instrument statute, must, like possession in the criminal possession of a weapon context, involve awareness of the possession (*see People v Saunders*, 85 NY2d 339, 341-342 [1995]). In short, "the mental culpability required for a crime of possession is, at the very least, awareness of the possession" (*People v Sanchez*, 110 AD2d 665, 665 [2d Dept 1985]).

Knowing possession of tangible property may in the appropriate circumstances be inferred from evidence showing that the defendant had the property in his physical possession, or that he "exercised 'dominion or control' over the property by a sufficient level of control over the area in which the [property] is found or over the person from whom the [property] is seized" (*People v Manini*, 79 NY2d 561, 573 [1992]). Dominion or control is necessarily knowing, and such "constructive possession" may qualify as knowing possession (*see Saunders*, 85 NY2d at 344).

■ With respect to defendant's sufficiency challenge, we view the evidence adduced at trial in the light most favorable to the People. A rational trier of fact could have inferred beyond a reasonable doubt from the evidence—including the fact that defendant had strewn his belongings through the car he was driving—that defendant must have known the cards were in the car.

■ Defendant also challenges the jury charge as failing to convey that knowing possession of the cards was required. In fact, however, Supreme Court, when defining "to possess"—as that term is used in the definition of second-degree criminal possession of a forged instrument—accurately instructed the jury that "to possess" means to have physical possession of or "to exert a *knowing* dominion or control over [the forged instrument]" (emphasis added).* Supreme Court's jury charge, which in this manner expressly conveyed the requirement that possession be knowing, was not in error merely because it failed to append the word "knowing" each time the word "possession" was used, for example in the explanation of the Penal Law § 170.27 presumption. Indeed, such a charge might in this case have run the risk of confusing the jury, by suggesting that it could not

---

* In adding the word "knowing" before "dominion or control over," Supreme Court went further, by way of clarification, than the Criminal Jury Instructions (CJI) recommend. The CJI charge merely states that "POSSESS means to have physical possession or otherwise to exercise dominion [or] control over tangible property" (CJI2d[NY] Penal Law § 170.25), echoing the statutory definition (*see* Penal Law § 10.00 [8]).

infer the requisite knowing possession from constructive possession. A reasonable juror, hearing the whole charge, would have understood that the Penal Law § 170.27 presumption—that a person who possesses two or more forged instruments purporting to be credit or debit cards knows that they are forged and intends to defraud, deceive or injure another—only applies if the person knowingly possesses the cards.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed.