People v Williams (2019 NY Slip Op 02126)





People v Williams


2019 NY Slip Op 02126


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-07478
 (Ind. No. 719/16)

[*1]The People of the State of New York, respondent,
v
Larry Williams, appellant.


Martin Geoffrey Goldberg, Franklin Square, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered June 20, 2017, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On March 19, 2016, at 1:45 a.m., police officers executed a search warrant to look for firearms in a house where the defendant resided. In one bedroom, the police officers found a .40 caliber semiautomatic pistol loaded with a magazine of ammunition. The pistol was lodged between a mattress and a wall, and a .32 caliber revolver and two bullets were found underneath the mattress. Both guns were later found to be operable. The defendant, who was not in the house when the guns were found, was charged with, and ultimately found guilty of, criminal possession of a weapon in the second and third degree under a theory of constructive possession.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), and drawing all reasonable inferences in the People's favor (see People v Gordon, 23 NY3d 643, 649; People v Delamota, 18 NY3d 107, 113; People v Ford, 66 NY2d 428, 437), we find that the evidence was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. To support a charge that a defendant was in constructive possession of tangible property, the People must show that the defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found (see Penal Law § 10.00[8]; People v Muhammad, 16 NY3d 184, 188; People v Manini, 79 NY2d 561, 573). "Constructive possession may be established by direct evidence or by circumstantial evidence with inferences drawn from the facts presented in the case" (People v Skyles, 266 AD2d 321, 322). We apply the same standard in reviewing the legal sufficiency in circumstantial evidence cases as in direct evidence cases (see People v Hines, 97 NY2d 56, 62). The heightened circumstantial evidence analysis suggested by the defendant "is reserved exclusively to the trier of fact" (id. at 62).
Here, among other things, in the same bedroom in which the guns and ammunition were found, the police officers found in a nightstand next to the bed numerous documents, including Social Security cards, a recent paystub, a W-2 form, a credit union card, union ID card, an Empire Blue Cross/Blue Shield card, and a New York State Department of Motor Vehicles driver license renewal form, all in the defendant's name, with his address at the subject house. Keys to a Mercedes Benz vehicle were found in the nightstand, and papers with the defendant's name were recovered from a Mercedes Benz vehicleparked in front of the house. The police officers did not find any items in that bedroom bearing a name other than the defendant's, and did not find any items with the defendant's name in other areas of the house. Based on the foregoing, the jury could reasonably infer that the defendant exercised dominion and control over the bedroom in which the guns and ammunition were found, and thus, that he constructively possessed those items (see People v Torres, 68 NY2d 677, 678-679; People v Robertson, 48 NY2d 993; People v Grasso, 163 AD3d 991, 993; People v Skyles, 266 AD2d at 322; People v Gomez, 191 AD2d 583; People v Pinchback, 187 AD2d 540, 541-542, affd 82 NY2d 857).
Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]). While jurors could have reasonably concluded, based on DNA evidence, that others, besides the defendant, had access to the guns and ammunition, and might at some point have had possession of them, "[m]ere access by others . . . does not preclude a finding of constructive possession" (People v Pinchback, 187 AD2d at 541-542). Moreover, "possession, even if joint, is still possession" (People v Torres, 68 NY2d at 679; see People v Tirado, 38 NY2d 955, 956).
There is no merit to the defendant's contentions regarding the Supreme Court's addition of an instruction on joint constructive possession to the jury charge for constructive possession. The contention that the charge impermissibly amended the indictment is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. Since possession, even if joint, is still possession (see People v Torres, 68 NY2d at 679; People v Tirado, 38 NY2d at 956), the court's charge to the jury regarding joint constructive possession did not unlawfully amend the indictment or impermissibly introduce a new theory of culpability into the case (see People v Dantzler, 91 AD3d 883, 884; People v Cordice, 306 AD2d 354, 354; cf. People v Roberts, 72 NY2d 489; People v Kaminski, 58 NY2d 886, 887). In addition, since the jury instruction was properly tailored to the facts of this particular case (see People v Baskerville, 60 NY2d 374, 382), and fairly instructed the jury on the correct principles of law to be applied to the case (see People v Umali, 10 NY3d 417, 427; People v Goddard, 72 AD3d 839, 840; People v Leach, 38 AD3d 917; People v Snyder, 294 AD2d 381, 382), the charge did not violate the defendant's right to due process.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court