People v Moses (2019 NY Slip Op 07895)





People v Moses


2019 NY Slip Op 07895


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-01114
 (Ind. No. 1815/13)

[*1]The People of the State of New York, respondent,
v
James Moses, appellant.


Roberto D. DiDio, Kew Gardens, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Hilda Mortensen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Alan L. Honorof, J.), rendered January 8, 2016, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Anthony W. Paradiso, J.), of the suppression of physical evidence.
ORDERED that the judgment is affirmed.
On October 26, 2012, based on information that a certain individual provided to the police department, which then provided such information to the probation department, probation officers accompanied by police officers performed a warrantless search inside a bedroom of a house where the defendant resided with his girlfriend. Inside an unlocked safe, the officers found two firearms. The defendant, who was not in the house when the guns were found, was convicted upon a jury verdict of multiple counts of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, under a theory of constructive possession.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), and drawing all reasonable inferences in the People's favor (see People v Gordon, 23 NY3d 643, 649; People v Delamota, 18 NY3d 107, 113; People v Ford, 66 NY2d 428, 437), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. "To support a charge that a defendant was in constructive possession of tangible property, the People must show that the defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found" (People v Williams, 170 AD3d 1046, 1047; see Penal Law § 10.00[8]; People v Muhammad, 16 NY3d 184, 188; People v Manini, 79 NY2d 561, 573). "Constructive possession may be established by direct evidence or by circumstantial evidence with inferences drawn from the facts presented in the case" (People v Skyles, 266 AD2d 321, 322; see People v Williams, 170 AD3d at 1047). "We apply the same standard in reviewing the legal sufficiency in circumstantial evidence cases as in direct evidence cases" (People v Williams, 170 AD3d at 1047; see People v Hines, 97 NY2d 56, 62).
Based upon the discovery by the police officers and probation officers of, inter alia, the defendant's driver license, the title to his vehicle, and his birth certificate inside the same bedroom safe in which the subject firearms were found, inside the home that the defendant identified as his residence, "the jury could reasonably infer that the defendant exercised dominion and control over the bedroom in which the [firearms] . . . were found, and thus, that he constructively possessed those items" (People v Williams, 170 AD3d at 1047-1048; see People v Torres, 68 NY2d 677, 678-679; People v Robertson, 48 NY2d 993; People v Grasso, 163 AD3d 991, 993; People v Skyles, 266 AD2d at 322; People v Gomez, 191 AD2d 583; People v Pinchback, 187 AD2d 540, 541-542, affd 82 NY2d 857).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). While jurors could have reasonably concluded that the defendant's girlfriend also had access to the firearms, "and might at some point have had possession of them, [m]ere access by others . . . does not preclude a finding of constructive possession'" (People v Williams, 170 AD3d at 1048, quoting People v Pinchback, 187 AD2d at 541-542). "Moreover, possession, even if joint, is still possession" (People v Williams, 170 AD3d at 1048, quoting People v Torres, 68 NY2d at 679; see People v Tirado, 38 NY2d 955, 956).
The defendant's contention that the Supreme Court should have granted his counsel's request for an adjournment because the denial of the request deprived him of his right to counsel of his choice is unpreserved for appellate review (see People v Tineo, 64 NY2d 531, 535-536; People v Greene, 169 AD3d 715; People v Brown, 90 AD3d 545, 546), and we decline to review the defendant's contention in the exercise of our interest of justice jurisdiction (see People v Greene, 169 AD3d at 715).
We agree with the Supreme Court's determination declining to suppress physical evidence. Probation officers learned from the police that there was credible information that the defendant was in possession of firearms that he kept at the home he shared with his girlfriend. The order and conditions of the defendant's probation provided, inter alia, that the defendant was not to "possess or own . . . weapons, ammunition or simulated firearms, including but not limited to those defined in Section 265.00 of the New York State Penal Code." The search by probation officers of the defendant's bedroom, which he shared with his girlfriend, "was rationally and reasonably related to the [probation] officers' duty to detect and prevent [probation] violations for the protection of the public from the commission of further crimes and to prevent violations of [probation]" (People v Clark, 167 AD3d 1035, 1036). Contrary to the defendant's contentions, the fact that the information regarding the presence of firearms in the defendant's home was provided to the probation department by the police department did not signify that the home visit was initiated by the police department, rather than the probation department, or render the search a police operation (see People v Johnson, 63 NY2d 888; People v Purnell, 166 AD3d 814, 815; People v Adams, 126 AD3d 1405, 1405; People v Johnson, 54 AD3d 969; People v Montero, 44 AD3d 796, 797). Moreover, the People met their burden of showing that consent to the warrantless search was freely and voluntarily given by the defendant's girlfriend, "who possessed the requisite degree of authority and control over the premises" (People v Clark, 167 AD3d at 1036; see People v Bunce, 141 AD3d 536, 537; People v Gonzalez, 222 AD2d 453, 453).
Contrary to the defendant's contentions, the evidence regarding his probation status, and the relevant terms and conditions of his probation, were inextricably interwoven with the facts of the case and were properly admitted "to complete the narrative of the events leading up to the crime[s] charged" (People v Ramos, 287 AD2d 471, 472; see People v Boyd, 159 AD3d 1358, 1360; People v Crawford, 158 AD3d 1255, 1256). Moreover, the Supreme Court minimized any prejudice to the defendant by precluding any evidence of the crime of which the defendant was previously [*2]convicted (see People v Harris, 147 AD3d 1328, 1330).
"A basic premise of our criminal justice system is that a defendant has the right to trial by an impartial jury" (People v Arnold, 96 NY2d 358, 360; see People v Branch, 46 NY2d 645, 652; People v Tullock, 148 AD3d 1061, 1062). " [A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial'" (People v Gross, 172 AD3d 741, 743, quoting People v Warrington, 28 NY3d 1116, 1119-1120; see People v Harris, 19 NY3d 679, 685; People v Johnson, 17 NY3d 752, 753). " [A] party may challenge a prospective juror for cause if the juror has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at trial'" (People v Arnold, 96 NY2d at 362, quoting CPL 270.20[1][b]). "Upon such a challenge, a juror who has revealed doubt, because of prior knowledge or opinion, about [his or] her ability to serve impartially must be excused unless the juror states unequivocally on the record that [he or] she can be fair. While the CPL, unlike the former Code of Criminal Procedure, does not require any particular expurgatory oath or talismanic words, jurors must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict. If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have replaced one impartial juror with another" (People v Arnold, 96 NY2d at 362 [internal quotation marks and citations omitted]; see People v Gross, 172 AD3d at 743).
Here, although certain prospective jurors initially expressed doubt as to whether they could evaluate witness testimony impartially, they ultimately provided unequivocal assurances that they would fairly evaluate the evidence. Since the Supreme Court found these prospective jurors' assurances credible, it had the discretion to deny the defendant's challenges for cause (see People v Arnold, 96 NY2d at 363; People v Gross, 172 AD3d at 743; People v Hoffmann, 122 AD3d 945; People v Williams, 107 AD3d 746, 747).
"[A] criminal defendant states a violation of the Confrontation Clause by showing that he [or she] was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness'" (Delaware v Van Arsdall, 475 US 673, 680, quoting Davis v Alaska, 415 US 308, 318). The defendant has failed to meet that burden, as he failed to establish the propriety of any of the subjects of cross-examination curtailed by the Supreme Court as the result of sustaining certain of the prosecutor's objections.
The defendant's remaining contentions are without merit.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court