People v Santana (2023 NY Slip Op 50598(U))

[*1]

People v Santana (Jose)

2023 NY Slip Op 50598(U)

Decided on June 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570222/17

The People of the State of New York, Respondent,
against
Jose Santana, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Bahaati E. Pitt, J.), rendered September 7, 2016, convicting him, upon a plea of guilty, of criminal facilitation in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Bahaati E. Pitt, J.), rendered September 7, 2016, affirmed.
The accusatory instrument was not jurisdictionally defective. The misdemeanor complaint, which in this case was required to meet the standards that apply to an information, sufficiently alleged constructive possession of a controlled substance (see Penal Law § 220.03). Giving the instrument "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]) that it alleged that various drugs (crack/cocaine and marijuana) as well as drug paraphernalia were recovered from "inside of a hole of defendant's bedroom door" and "inside of the top drawer of defendant's dresser" at 2805 Grand Concourse. This supports an inference that defendant had constructive possession, i.e. "dominion and control" of the drugsand paraphernalia (Penal Law § 10.00[8]; see People v Cruz, 111 AD3d 453 [2013], lv denied 22 NY3d 1040 [2013]; People v Skyles, 266 AD2d 321 [1999], lv denied 94 NY2d 867 [1999]; see also People v Watson, 56 NY2d 632, 633-634 [1982]), even though he may have been absent at the time of the search (see People v Torres, 68 NY2d 677, 679 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 21, 2023