Matter of Francis v New York State Dept. of Corr. & Community Supervision (2024 NY Slip Op 24206)

[*1]

Matter of Francis v New York State Dept. of Corr. & Community Supervision

2024 NY Slip Op 24206

Decided on July 26, 2024

City Court Of Rochester, Monroe County

Morris, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 26, 2024
City Court of Rochester, Monroe County

In the Matter of Deiondre Francis, Appellant,

against
New York State Department of Corrections and Community Supervision 
 and BOARD OF PAROLE, Respondent.

Index No. MZ-03803-23

For the Appellant:
JULIE CIANCA, ESQ.
Monroe County Public Defender
BY: MANAB P. GOSWAMI, ESQ.
10 N. Fitzhugh Street 
Rochester, NY 14614
For the Defendant: 
KARYN YAFFEE, ESQ.
Assistant Counsel to the Board of Parole 
The Harriman State Campus
1220 Washington Ave 
Albany, NY 12226

Nicole D. Morris, J.

Deiondre Francis ("Appellant") appeals from a parole revocation decision rendered on November 21, 2023. After a final revocation hearing, the Administrative Law Judge ("ALJ") sustained charges three, six, and eight finding that the Department of Parole proved, by clear and convincing evidence, that Appellant: violated his curfew on August 3, 2023 (charge three); unlawfully possessed a loaded firearm resulting in his arrest for criminal possession of a weapon in the third degree (charge six); and possessed a loaded handgun without the permission of his parole officer (charge eight). Appellant's parole was revoked, and he was sentenced to 20 months of reincarceration.
Appellant alleges that the Department of Parole failed to establish a curfew violation, failed to establish the essential elements of criminal possession of a weapon in the third degree, and that 20 months of reincarceration is an excessive sentence. Respondent opposes and argues that Rochester City Court lacks the authority to review technical violations.
For the reasons stated below, the decision revoking Appellant's parole based on charges three, six, and eight is affirmed. The sentence is reduced to a term of 12 months.
Technical Violations Are Subject To Review.
Respondent argues that City Court lacks jurisdiction to review technical violations and therefore this Court is without the authority to review the finding that the Appellant violated his curfew. Executive Law § 259-i (4-a) is labeled "appeals from non-technical violation findings" (Executive Law § 259-i [4-a] [emphasis added]). A non-technical violation is defined as "the commission of a new felony or misdemeanor offense . . ." (Executive Law § 259 [7]). 
According to Executive Law §259-i
Notwithstanding the provisions of any other law, when in a violation proceeding brought pursuant to this section, any of the charges sustained by the hearing officer would constitute a misdemeanor or felony if such charge were or had been brought in a criminal court, the releasee may, in lieu of an administrative appeal to the board pursuant to subdivision four of this section, appeal such determination to the lowest level of the following courts serving the jurisdiction in which the hearing was held or in which any such sustained conduct was alleged to have occurred . . .
(Executive Law § 259-i [4-a]). However, the same section of the Executive Law contains broad language, directing the Court to consider the issues raised by the Appellant in their brief, including "whether any sustained violation charge should have been sustained" (Executive Law § 259-i [4-a] [d] [a] [emphasis added]). 
"A governing principle of statutory interpretation is that courts must attempt 'to effectuate the intent of the legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used'" (People v Holz, 35 NY3d 55, 59 [2020] [internal citations omitted]). Here, the Legislature provided the Court with the authority to review "any" sustained violation. Applying the plain meaning of that phrase, it appears the Legislature intended, when a non-technical violation is alleged, for the Court to review the sustained technical violations, if any, in the same appeal as the non-technical violations. In enacting this provision, the Legislature could have used a narrower term to restrict the applicability of the statute to technical violations only by directing City Court to consider "whether any sustained technical violation should have been sustained;" however, the Legislature opted to utilize broader language. When a narrower term could have been used to restrict the statute, the failure to use the narrower term indicates the Legislature's intent for a broad application (see Holz, 35 NY3d at 60). As such, this Court concludes that City Court has the jurisdiction to review all sustained violations when at least one would have constituted a misdemeanor or felony. 
Based on the testimony elicited at the hearing, the Court finds that the Parole Revocation Specialist established by clear and convincing evidence that the Appellant violated his curfew. 

 Operability Of The Weapon
Sustaining a violation of parole based on conduct that would constitute a crime requires a [*2]finding that the Department of Parole proved the underlying offense by clear and convincing evidence. The Court of Appeals has held that proving criminal possession of a weapon requires the People to "establish that the defendant possessed an operable rifle or shotgun" (People v Longshore, 86 NY2d 851, 852 [1992]). As such, "operability is a required element" of the criminal offense and it must be established by the Parole Revocation Specialist (See People v Rowland, 14 AD3d 886, 887 [3d Dept 2005]). 
Here, the ALJ received into evidence a report from the Monroe County Crime Laboratory indicating that the "pistol has been test fired using submitted ammunition. It is in working order." This exhibit was received into evidence without objection. It states that the named firearm examiner personally conducted the test of the firearm and found it to be operable. The laboratory crime report lists a complaint number that matches the crime report number for the gun recovered from Appellant's bedroom. Although a crime scene technician indicated that the gun collected from Appellant's bedroom had a serial number and the crime lab report indicates that this weapon had no serial number, the description of the gun found in Appellant's bedroom matches the description of the weapon tested by the lab. Parole Officer Steves testified that the search uncovered a ".40 Caliber Taurus" "red and black handgun". The Monroe County Crime Lab report indicates that a .40 Caliber Taurus was tested and found to be operable. Based on this evidence, the Parole Revocation Specialist established by clear and convincing evidence that the gun found in Appellant's bedroom was operable.

Possession
Next, Appellant argues that there is insufficient evidence to show that he constructively possessed the gun found in his bedroom. Appellant argues that the parole officer testified that she did not know which bedroom inside the home belonged to the Appellant before arriving at the home that day. However, the record indicates the parole officer was aware of his parole approved address and could identify the bedroom within the apartment that belonged to the Appellant. She described in detail how to get to Appellant's bedroom and the general layout of the home. She further testified that she was familiar with the other residents within the apartment and knew where their bedrooms were located.
A person has constructive possession over property when they exercise a level of control over the area in which the property is found sufficient to give him the ability to use or dispose of the property (People v Manini, 79 NY2d 561, 573 [1992]). "Constructive possession may be established by direct evidence or by circumstantial evidence with inferences drawn from the facts presented in the case" (People v Skyles, 266 AD2d 321, 322 [2d Dept 1999]).
Although another person was located inside Appellant's bedroom before the weapon was seized, the law recognizes that two people can jointly constructively possess property (People v Tirado, 38 NY2d 955 [1976]). "Mere access by others to the area does not preclude a finding of constructive possession" (Skyles, 266 AD2d at 322). The testimony established that the other people who resided in the apartment "had their own bedroom" (see Skyles, 266 AD2d at 322). Based on this evidence, the Parole Revocation Specialist established by clear and convincing evidence that the Appellant possessed the gun.

The Time Assessment Was Unduly Harsh Or Severe
The minimum sentence that may be imposed for a non-technical parole violation involving the commission of a felony is 12 months (9 NYCRR 8005.20 [e]). Here, Appellant was sentenced to a 20 month hold after being found guilty of possessing an operable and loaded [*3]handgun. The ALJ is required to consider aggravating and mitigating factors before imposing a sanction for a sustained parole violation.
The ALJ noted that the "[p]arolee had been on parole for over fifteen months without incident" and has not had any prior Parole violations on the underlying offense. Appellant was found to have an operable and loaded handgun while on parole for manslaughter in the second degree, gang assault in the second degree, and promoting prison contraband in the second degree. The ALJ determined that, although Appellant possessed the weapon, he did not possess the weapon with the intent to use it unlawfully against another person. 
Based on the Court's review of the aggravating and mitigating factors in this case, including the fact that it was Appellant's first sustained violation, the sentence is reduced to 12 months.
Accordingly, it is hereby ORDERED that the decision sustaining violations on charges three, six, and eight is affirmed. It is further,
ORDERED that the sentence is reduced to a term of 12 months.
The above constitutes the Decision and Order of the Court.
Dated: July 26, 2024.
Hon. Nicole D. Morris